Affirmed and Memorandum Opinion filed April 3, 2003









Affirmed and Memorandum Opinion
filed April 3, 2003.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00619-CR

_______________

 

DARRYL G. JACKSON, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

                                                                                                                                               


On
Appeal from the 185th District Court

Harris County, Texas

Trial
Court Cause Nos. 894,792

                                                                                                                                                

 

M E M O R A N D U M  
O P I N I O N

 

Darryl
Jackson appeals a conviction for possession of cocaine on the grounds that the
trial court erred in denying his request for an instruction on a lesser
included offense and the evidence is legally and factually insufficient to
support his conviction. We affirm.

Background








On
November 24, 2001, Houston Police Officer John Thornberg responded to a call
about a possible stolen vehicle in a ditch near the 5100 block of South Wind.
After he had been at the scene for some time, Thornberg needed to use the
restroom, so he walked toward a convenience store. As he walked to the
convenience store, he saw appellant standing nearby. Appellant appeared to be
studying something in his hands, which Officer Thornberg suspected were rocks
of cocaine. When Officer Thornberg asked appellant what he was doing, appellant
looked at the officer, then began to run. As appellant ran away, he threw the
rocks from his hands. Officer Thornberg caught up with appellant, arrested him,
then returned to the area where the rocks had been thrown. Thornberg discovered
seven rocks, which field-tested positive for cocaine. 

Sharmista
Patel, a chemist with the Houston Police Department crime lab, testified that
when she obtained the evidence envelope, she found no evidence of tampering.
She and Officer Thornberg both testified that the chain of custody had been
maintained. When Patel received the substance, she visually checked it and
determined that all the rocks were the same. To test the substance, Patel
scraped a small amount from each rock, combined the scrapings, and analyzed the
material. The substance tested positive for cocaine. Patel testified that she
does not count rocks when they are brought to her because they can easily break
and the count would not be accurate. Patel further testified the total weight
of the rocks was 1.1 grams. She also stated that water tends to evaporate from
crack cocaine and it decreases in weight the longer it is stored.

Lesser
Included Offense Instruction

In
his first issue, appellant contends the trial court erred when it denied his
request for a lesser included offense instruction of possession of less than
one gram of cocaine. When reviewing such a contention, we apply a two-pronged
test. First, the lesser included offense must be included within the proof
necessary to establish the offense charged. Rousseau v. State, 855
S.W.2d 666, 672 (Tex. Crim. App. 1993), cert. denied, 510 U.S. 919
(1993). Second, there must be some evidence that would permit a jury rationally
to find that if the defendant is guilty, he is guilty only of the lesser
offense. Skinner v. State, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997), cert.
denied, 523 U.S. 1079 (1998). Appellant=s first issue concerns application of
the second prong of the test. In applying this prong, we must examine the
entire record instead of plucking certain evidence from the record and
examining it in a vacuum. Enriquez v. State, 21 S.W.3d 277, 278 (Tex.
Crim. App. 2000). The evidence must establish the lesser included offense as a
valid rational alternative to the charged offense. Mathis v. State, 67
S.W.3d 918, 925 (Tex. Crim. App. 2000).








Appellant
contends he was entitled to a lesser included offense instruction because there
was evidence at trial that he possessed less than one gram of cocaine. He first
argues that it was possible that two rocks of crack cocaine were added to the
evidence bag between the time it was secured by Officer Thornberg and tested by
Patel. Officer Thornberg testified that he recovered seven rocks of crack
cocaine from the location where appellant threw the rocks. The evidence bag at
trial contained nine rocks. When Thornberg identified the evidence at trial, he
stated, AThey have been a little busted up,
but it appears to be the same ones, yes.@ Both Thornberg and Patel testified
that crack rocks are fragile and prone to breaking apart.

In
support of his contention that the record supports an instruction on the lesser
offense, appellant cites the following cross-examination testimony of Officer
Thornberg:

Q.  Isn=t it a possibility if you B because somehow we have gone from 7 rocks to 9 rocks.
Is there possibly a chance that somewhere down the line someone with access
could have added 2 rocks? A possibility?

 

A.  A very very
slim possibility. If someone was going to tamper with something, I would
imagine that they would be taking instead of adding in.

 

Q.  But is that
a possibility?

 

A.  It=s a very remote one, yes.

 

Contrary
to appellant=s assertion, Officer Thornberg=s testimony is not evidence that
appellant could have possessed less than one gram of cocaine; it is merely an
acknowledgment of a very remote possibility. Appellant offered no evidence that
cocaine was added to the evidence bag.








Second,
appellant contends he is entitled to a lesser included offense instruction
because Patel presented evidence that appellant possessed less than one gram of
cocaine. Patel testified that she scraped each rock of cocaine, combined the
scrapings, and tested them. She did not count the rocks because they could
easily break and the count would not be reliable. She also visually checked the
rocks of cocaine and stated they all looked alike.

Appellant
argues that because Patel combined the scrapings from all the rocks, it is
possible one or more of the rocks does not contain cocaine. To the contrary,
there was no evidence from any source that one or more of the rocks did not
contain cocaine. The only fact issue Patel=s cross-examination testimony
arguably raises is that she did not independently test each substance. See
Enriquez, 21 S.W.3d at 280. Chemical analysis of contraband by testing
representative samples does not, by itself, constitute evidence that the
defendant possessed a lesser quantity of the contraband. Id. 

Viewing
the record as a whole, we find no evidence upon which the jury could have
rationally found appellant guilty only of possession of less than one gram of
cocaine. Appellant=s first issue is overruled.

Sufficiency
of the Evidence

In
his second issue, appellant contends the evidence is legally and factually
insufficient to support the conviction. In
evaluating a legal sufficiency challenge, we view the evidence in the light
most favorable to the verdict. Wesbrook v. State, 29 S.W.3d 103, 111
(Tex. Crim. App. 2000). The issue on appeal is not whether we, as a court,
believe the State=s evidence or believe that appellant=s
evidence outweighs the State=s evidence.  Wicker v.
State, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). The verdict may not be
overturned unless it is irrational or unsupported by proof beyond a reasonable
doubt. Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  

A person
commits the offense of possession of a controlled substance if he knowingly or
intentionally possesses a controlled substance and the amount of the controlled
substance possessed is, by aggregate weight, including adulterants or
dilutants, one gram or more but less than four grams. Tex. Health & Safety Code Ann. '
481.1158).








In support of
his insufficiency claim, appellant contends the evidence was sufficient to show
he possessed one gram of cocaine, but not more than one gram. First, appellant
contends the evidence shows that two rocks of cocaine were added to the
evidence bag after the cocaine was recovered from appellant. Second, he
contends the chemist took scrapings from all the rocks of cocaine, so she could
not determine if one or more of the rocks did not contain cocaine. 

Absent evidence
of tampering, most questions concerning the care and custody of a substance go
to the weight of the evidence, not its admissibility. Lagrone v. State,
942 S.W.2d 602, 617 (Tex. Crim. App. 1997), cert.
denied, 522 U.S. 917 (1997). Here, the chain of custody was proved from the
scene to the laboratory, and to the courtroom. The record does not reflect that
rocks were added to the evidence bag. Patel testified that crack cocaine is
fragile and often breaks up between the time it is recovered and the time it is
tested. Further, Officer Thornberg testified the rocks appeared to be Abusted
up.@
With regard to the testing method used by the chemist, Patel testified she visually
checked the rocks and determined they were the same. Testing substances by random sampling
goes to the weight the jury may give to the tested substance in determining
whether the untested substance is the same as the tested substance. Gabriel
v. State, 900 S.W.2d 721, 722 (Tex. Crim. App. 1995). Viewing the evidence in the light
most favorable to the verdict, we find sufficient evidence to support the
conviction.

Appellant next
contends the evidence is factually insufficient to support his conviction. In reviewing factual
sufficiency, we look at all of the evidence in a neutral light, and will
reverse a conviction only if the evidence supporting guilt is so obviously weak
as to render the conviction clearly wrong and manifestly unjust, or if that
evidence, although adequate when taken alone, is so greatly outweighed by the
overwhelming weight of contrary evidence as to render the conviction clearly wrong and manifestly unjust. Vasquez v. State,
67 S.W.3d 229, 236 (Tex. Crim. App. 2002). 








Appellant
presented testimony from David Luther, a former police officer. Luther weighed
the cocaine and found that it weighed one gram. Luther weighed the evidence
after Patel tested the substance and after the evidence had been stored for six
months. During her testimony, Patel testified that crack cocaine tends to
decrease in weight due to water evaporation. Luther also testified there were
nine rocks in the bag. David Greer testified that he saw appellant in the area
and that appellant pointed out the stolen truck in the ditch. Officer Mark
Stewart of the Houston Police Department testified he was dispatched to take
fingerprints from the stolen truck. He found no drugs in the truck. Lanelle
Gadison testified she was in the area that day and saw appellant standing near
the convenience store holding a beer bottle.

The jury, as
the trier of fact, Awas the sole judge of the credibility of witnesses and of the
strength of the evidence.@ Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App.
1999). The jury could choose to believe or disbelieve any portion of the
witnesses= testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).
By its verdict, the jury chose to believe the State=s
witnesses. Having reviewed all of the evidence, we find it is not so weak as to
render the jury=s verdict manifestly unjust, nor is
it greatly outweighed by contrary evidence. Appellant=s
second issue is overruled.

 

The
judgment of the trial court is affirmed.

 

 

 

/s/        Wanda
McKee Fowler

Justice

 

Judgment rendered and Opinion filed April
3, 2003.

Panel consists of Chief Justice Brister
and Justices Fowler and Edelman.

Do Not Publish C
Tex. R. App. P. 47.2(b).